**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JOHN MICHAEL RAGSDALE,

    Petitioner,

v.

J. F. CARAWAY, Acting Warden,
FPC Duluth,

    Respondent.

**ORDER**
Civil File No. 05-1596 (MJD/JJG)

John Michael Ragsdale, pro se.

Michael W. Ward, Assistant United States Attorney, Counsel for Respondent.

## I.  INTRODUCTION

The above-entitled matter comes before the Court upon the Amended Report and Recommendation ("R & R") of United States Magistrate Judge Jeanne J. Graham dated November 15, 2005. The R & R recommends that Ragsdale's Application for Habeas Corpus Relief under 28 U.S.C. § 2241 be granted and that Ragsdale's Motion for Summary Judgment be denied as moot. The Government has filed objections to the Report and Recommendation.

Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.1(c). Based on that review, the Court adopts the Report and Recommendation dated November 15, 2005.

1

## II.    DISCUSSION

In his petition, Ragsdale requested, <u>inter</u> <u>alia</u>, that the Court order the Bureau of Prisons ("BOP") to reconsider his application for transfer to a halfway house by considering all the factors listed in 18 U.S.C. § 3621(b).[1] The BOP had denied Ragsdale's request based on 28 C.F.R. §570.21, a rule promulgated by the BOP under the authority of § 3621.[2] Judge Graham concluded that since the BOP

---

[1] 18 U.S.C. § 3621 states that in determining where to place a prisoner, the BOP shall consider the following factors:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence . . . <u>and</u>
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> . . .
>
> The [BOP] may at <u>anytime</u> . . . direct the transfer of a prisoner from one . . . facility to another.

18 U.S.C. § 3621(b) (emphasis added).

[2] 28 C.F.R. § 570.21 provides, in pertinent part, that the BOP will transfer prisoners to halfway houses or other community confinement "<u>only</u> as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months." 28 C.F.R. § 570.21(a) (emphasis added).

did not consider all the § 3621(b) factors when promulgating 28 C.F.R. §570.21, the rule is invalid. (Doc. No. 15 at 10.) Judge Graham also concluded that, contrary to Ragsdale's arguments, the BOP's calculation of good time credit represents a reasonable interpretation of 18 U.S.C. § 3624(b). (Id. at 14.) This Court agrees with both these conclusions.

At this juncture, the Court writes only to call the Parties' attention to two subsequent court decisions that support Judge Graham's decision, and to address one of the Government's objections to the R & R.

**A.    Subsequent Decisions**

First, the Court notes that there is a split in the districts on the halfway house transfer issue. However, since Judge Graham filed her well-reasoned R & R, the first appeals court confronted with the issue has filed its opinion. The Third Circuit found that 28 C.F.R. § 570.21 is invalid because it does not allow the BOP to consider all the factors enumerated in 18 U.S.C. § 3621(b) when making placement decisions. See Woodall v. Federal BOP, – F.3d–, 2005 WL 3436626, at *8 (3d Cir. Dec. 15, 2005). The Woodall court reasoned that a more narrow reading ignores the context of the statute, and that the statute's use of the word "and" indicates that Congress intended for the BOP to consider all the § 3621(b) factors. Id. at *7. Woodall provides further support for Judge Graham's decision.

Second, on December 28, 2005, the Eighth Circuit joined its sister circuits

and held that the BOP's interpretation of the good time statute is reasonable. Bernitt v. Martinez, No. 05-2508, slip op. at 3 (8th Cir. Dec. 28, 2005). This Court must follow Eighth Circuit precedent. Thus, even if the Court was inclined to part ways with Judge Graham on this issue, something which the Court has no desire to do, the Court would be obligated to follow Bernitt, and affirm Judge Graham's decision on this issue.

### B.   Deference to Agency Decisions

The Court must also address one objection filed by the Government.[3] Specifically, the Government objects to Judge Graham's failure to analyze this case under Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984). The Government argues that the BOP's interpretation of § 3621(b) is entitled to deference under Chevron because 28 C.F.R. § 570.21 was adopted pursuant to notice and comment rule making.

Under Chevron, courts must defer to agencies' interpretations of ambiguous statutes when the agencies' interpretations are reasonable, and not "arbitrary, capricious, or manifestly contrary to statute." 467 U.S. at 844. In this case, however, the Court finds that 28 U.S.C. § 3621(b) is not ambiguous. The statute

---

[3]The Government proffered two objections to the R & R. However, the Court need not address the Government's other objection – that the BOP did consider the factors enumerated in 18 U.S.C. § 3621(b) when promulgating 28 C.F.R. § 570.21 – because the Court is adopting Judge Graham's reasoning regarding this issue.

clearly states that the BOP must consider all five of the listed factors when making placement decisions. See Lesnick v. Menifee, No. 05-4719, 2005 WL 2542908, slip op. at *5 (S.D.N.Y. Oct. 11, 2005). Moreover, even if the statute is amibiguous, the BOP's interpretation is arbitrary. See Baker v. Willingham, No. 3:04CV1923, 2005 WL 2276040, slip op. at *6 (D. Conn. Sept. 19, 2005) (finding that the BOP's interpretation "arbitrarily and unreasonably distinguishes between prisoners who are in last ten percent of their sentence and those who are not and between [halfway houses] and other . . . institutions"). Finally, the Court finds that the BOP's interpretation is manifestly contrary to § 3621 because it effectively replaces the BOP's discretion to transfer a prisoner to a halfway house at anytime during the prisoner's sentence with the ability to do so only during the last ten percent of prisoner's sentence. See Hayek v. Caraway, No. 05-1424 (PAM/JSM), slip op. at 9 (D. Minn. Dec. 7, 2005).

Therefore, since the statute is not ambiguous, a Chevron analysis was not required. Moreover, a Chevron analysis does not change the outcome in this case because the BOP's interpretation of 18 U.S.C. § 3621(b) is arbitrary and contrary to the statute.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. The Magistrate Judge's Amended Report and Recommendation dated November 15, 2005, [Docket No. 15] is hereby **ADOPTED**;

2. Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**;

3. The BOP shall consider Petitioner's request for placement in a halfway house by applying the factors enumerated in 18 U.S.C. § 3621(b), without referring to 28 C.F.R. §750.21; and

4. Petitioner's Motion for Summary Judgment [Doc. No. 13] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: January 6, 2006                s/ Michael J. Davis
                                      Michael J. Davis
                                      United States District Court